In the Matter of the Claim of HENRY SADOWSKI, Respondent, against J. W. DANFORTH Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for deficiency compensation under section 29 of the Workmen's Compensation Law. The sole issue presented arises upon appellants' contention that a third-party action brought by claimant was compromised without the written approval of the carrier. (Workmen's Compensation Law, § 29, subd. 5.) Prior to trial of the action, the attorneys concerned had two or three discussions as to settlement. On the day the case was reached for trial, claimant's attorney told him he believed the case would be settled and later asked him to approve a settlement figure of $10,000, which he did. In the presence of his attorney and an insurance company representative, claimant signed a paper, but so far as appears no effort was made to subpoena such paper on the hearing herein. When the case was reached, both attorneys appeared and waived a jury. Claimant testified as to all the facts relevant to liability and damages and exhibits were received. Defendant's attorney did not cross-examine and put in no proof. The trial court then found defendant negligent and the plaintiff free from negligence and directed judgment for $10,250. We cannot say, as a matter of law, upon the record before us, that this result did not represent the trial court's considered judgment and evaluation, based on the evidence, which appears to have been adequate to enable him to reach a fair determination. In a case where the facts were somewhat more favorable to the compensation insurance carrier than here, we held that the judgment represented "the trial court's evaluation of the damages sustained and was not the result of any settlement or compromise". (Matter of Klump v. Erie County Highway Dept., 275 App. Div. 1017, motion for leave to appeal denied 300 N. Y. 761.) On this record we cannot say that the board's determination was not founded on substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.